UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Douglas Duane Bahl and            Civil No. 08-5001(DSD/JJG)
Susan Kovacs-Bahl,

       Plaintiffs,

v.                                **ORDER**

County of Ramsey, Ramsey
County Sheriff's Department
and City of St. Paul,

       Defendants.
-----------------------------------
Dawn Moder and Michael Moder,     Civil No. 08-5242(DSD/JJG)

       Plaintiffs,

v.

County of Ramsey, Ramsey
County Sheriff's Department
and City of St. Paul,

       Defendants.
-----------------------------------
Jerome Owens,                     Civil No. 08-5243(DSD/JJG)

       Plaintiff,

v.

County of Ramsey, Ramsey
County Sheriff's Department
and City of St. Paul,

       Defendants.

       Roderick J. Macpherson III, Esq., Emily Teplin, Esq. and
       Minnesota Disability Law Center, 430 1st Avenue North,
       Suite 300, Minneapolis, MN 55401, counsel for plaintiffs.

Thomas E. Ring, Ramsey County Attorney, 50 Kellogg Boulevard West, Suite 560, St. Paul, MN 55102 and James F. X. Jerskey, Judith A. Hanson, St. Paul City Attorney, 15 West Kellogg Boulevard, Suite 750, St. Paul, MN 55102, counsel for defendants.

This matter is before the court on the motions of defendants City of St. Paul ("City"), Ramsey County and the Ramsey County Sheriff's Department ("County") for partial dismissal of plaintiffs' claims.[1] After a review of the file, record and proceedings herein, and for the following reasons, defendants' motions are granted in part.

## BACKGROUND

These disability discrimination actions arise out of similar allegations. City police officers arrested deaf individuals – Douglas Bahl ("Bahl"), Dawn Moder ("Ms. Moder") and Jerome Owens ("Owens") – without providing an American Sign Language ("ASL") interpreter. The County then detained these individuals at the adult detention center ("ADC") without access to an ASL interpreter or auxiliary aids that would have permitted them to communicate with others outside of the ADC. These individuals assert claims under the Americans with Disabilities Act ("ADA"), section 504 of

---

[1] The court consolidated the three cases for purposes of these motions because they involve common questions of law and fact. The County filed a motion in all three actions. The City did not file a motion in civil case number 08-5001.

the Federal Rehabilitation Act ("section 504") and the Minnesota Human Rights Act ("MHRA"), and for negligence.[2] In addition, Susan Kovacs-Bahl ("Kovacs"), Bahl's girlfriend at the time of the incident,[3] and Michael Moder ("Mr. Moder"), Ms. Moder's husband, both of whom are deaf, assert claims against the County under the ADA, section 504 and the MHRA. All plaintiffs seek damages as well as declaratory and injunctive relief. Defendants move to dismiss plaintiffs' requests for prospective relief for lack of subject matter jurisdiction, arguing that plaintiffs do not have standing. The County also moves to dismiss all claims asserted by Kovacs and Mr. Moder for lack of standing, or alternatively, for failure to state a claim.[4]

---

[2] Owens does not assert a MHRA claim against the City.

[3] The complaint alleges that Kovacs and Bahl are married. Uncontested materials submitted by the County, however, indicate that at the time of the incident they were not married. (Ring Aff. Ex. 2.) The court considers the County's exhibit without converting defendants' motions into motions for summary judgment. See Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999) (court may consider certain materials outside of pleadings without converting motion to dismiss into motion for summary judgment).

[4] The County inappropriately raised the latter issue for the first time in its reply memorandum. See Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir. 2008) ("Claims not raised in an opening brief are deemed waived."). The court, however, considers the County's arguments because the issues are purely legal and have been fully developed under the parties' subject matter jurisdiction arguments. See Newton v. Clinical Reference Lab., Inc., 517 F.3d 554, 557 (8th Cir. 2008) (court may consider arguments raised for first time in reply if issue is purely legal). In addition, the court considers plaintiffs' supplemental memorandum.

**DISCUSSION**

**I.   Standing**

Federal courts lack subject matter jurisdiction over actions brought by litigants without standing. Jewell v. United States, 548 F.3d 1168, 1172 (8th Cir. 2008). Standing is derived from article III of the United States Constitution and prudential considerations. Id. The "irreducible constitutional minimum of standing" requires the plaintiff to have suffered an "injury in fact" that is traceable to the defendant's challenged action and that can likely be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Id. (quotations omitted); see also Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2005). The plaintiff bears the burden of establishing standing. See Pucket v. Hot Springs Sch. Dist. No. 23-2, 526 F.3d 1151, 1157 (8th Cir. 2008).

**A.   Prospective Relief**

The parties agree that all plaintiffs lack standing to pursue injunctive and declaratory relief because they cannot show "a likelihood of future injury." See Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)). Nevertheless, defendants ask the court to exercise supplemental jurisdiction over

4

the "claims" for prospective relief and deny them with prejudice according to state law. Without jurisdiction to order the requested relief, however, the court has no authority to determine whether such relief would be appropriate under state law. See In re Nifedipine Antitrust Litig., 335 F. Supp. 2d 6, 19 (D.D.C. 2004) (no supplemental jurisdiction if dismissal based on lack of jurisdiction); Hernandez v. County of Dupage, Civ. No. 96-8030, 1998 U.S. Dist. LEXIS 18877, at *16 n.9 (N.D. Ill. Nov. 19, 1998) ("[A] party with a valid claim for damages against a defendant would, under the County's theory, be able to maintain an action for injunctive relief against that defendant - a result squarely in contradiction with the Supreme Court's decision in Lyons, 461 U.S. at 105-06."). Accordingly, the court dismisses without prejudice plaintiffs' requests for declaratory and injunctive relief.

### B. Non-Detained Plaintiffs

Kovacs and Mr. Moder seek compensatory damages for the alleged fear, anxiety, humiliation and embarrassment they sustained because of the County's failure to permit Bahl and Ms. Moder to contact them. The County does not challenge these allegations, but argues that Kovacs and Mr. Moder have not alleged an injury-in-fact because they have not established a prima facie case under the ADA, section 504 or the MHRA. It is, however, a "fundamental principle that the ultimate merits of the case have no bearing on the threshold question of standing," Campbell v. Minneapolis Pub. Hous.

Auth., 168 F.3d 1069, 1074 (8th Cir. 1999), and the court determines that Bahl and Mr. Moder's allegations of injury satisfy the constitutional requirements of standing at this stage of the proceedings.[5]  See Medalie v. Bayer Corp., 510 F.3d 828, 829-30 (8th Cir. 2007) (standing must be established "with the manner and degree of evidence required at the successive stages of the litigation") (quotation omitted)).

**II.  Failure to State A Claim**

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This statement does not require detailed factual allegations so long as it "give[s] the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47

---

[5] The County does not expressly argue that prudential standing limitations preclude Kovacs and Mr. Moder from maintaining their claims.  See Oti Kaga, Inc. v. S.D. Hous. Dev. Auth., 342 F.3d 871, 880 (8th Cir. 2003) ("A plaintiff may also run afoul of prudential standing limits because the claim rests on the legal rights of third-parties, or the interest, though real, may not fall within the zone of interests protected by the statutory provision invoked."(citations omitted)).  The court, however, is satisfied that Kovacs and Mr. Moder have standing because they assert direct discrimination claims based upon their own disabilities and association discrimination claims based upon their relationships with Bahl and Ms. Moder.  They are thus asserting their own rights, not those of third parties.  Moreover, Kovacs and Mr. Moder are within the zone of interests protected by the ADA, section 504 and the MHRA because they are deaf, have a relationship with other deaf individuals and allege injuries distinct from those suffered by Bahl and Ms. Moder.  See infra Part II.  Therefore, Kovacs and Mr. Moder satisfy prudential standing requirements.

(1957).  However, a court will dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted if, after taking all facts alleged in the complaint as true, those facts fail "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

### A.   Direct Discrimination

Kovacs and Mr. Moder claim that they were denied access to and the benefits of the County's service of allowing non-detained individuals to be called by detained individuals because of their hearing impairments and the County's failure to provide Bahl and Ms. Moder with auxiliary aids.

Title II of the ADA forbids a public entity from excluding qualified individuals with disabilities from participating in or receiving the benefits of its services, programs or activities. 42 U.S.C. § 12132.[6]  To state a prima facie case under the ADA, a plaintiff must allege that he or she (1) is a qualified individual with a disability, (2) was excluded from participating in or receiving the benefits of the service, program or activity, and

---

[6] Section 504 contains similar prohibitions with the additional requirement that the allegedly discriminatory "program or activity [be] receiving Federal financial assistance." 29 U.S.C. § 794(a). Likewise, the MHRA forbids discrimination "in the access to, admission to, full utilization of or benefit from any public service because of ... disability." Minn. Stat. § 363A.12, subdiv. 1.  The court refers only to the ADA, but its analysis applies equally to section 504 and the MHRA. See Yeng Thao v. City of St. Paul, 481 F.3d 565, 567 n.3 (8th Cir. 2007).

(3) such exclusion was because of his or her disability. See Randolph v. Rodgers, 170 F.3d 850, 858 (8th Cir. 1999). An individual with a disability is "qualified" if he or she "meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

The County does not contest that it provides a service to non-detained individuals by enabling them to be contacted by detained individuals. See Niece v. Fitzner, 922 F. Supp. 1208, 1217 (E.D. Mich. 1995) (service provided to non-detained individuals when detention facility permits them to be called by detained individuals); see also Johnson v. City of Saline, 151 F.3d 564, 569 (6th Cir. 1998) ("[T]he phrase 'services, programs, or activities' encompasses virtually everything that a public entity does."). The County also does not suggest that Kovacs and Mr. Moder have not adequately alleged that they were excluded from the telephone service because of their hearing impairments. Rather, the County seems to argue that Kovacs and Mr. Moder have not alleged their eligibility for the telephone service because their complaints do not indicate that Bahl or Ms. Moder attempted to contact them. The complaints, however, expressly state that Bahl and Ms. Moder requested auxiliary aids to communicate with people outside of the ADC, and that the County's failure to provide such aids precluded their communication with Kovacs and Mr. Moder. (See Bahl Compl.

¶¶ 1, 4, 25; Moder Compl. ¶¶ 1, 4, 23.)  These allegations satisfy Rule 8's liberal pleading standard.  Therefore, the County's motion to dismiss this claim as to Kovacs and Mr. Moder is denied.

### B. Association Discrimination

Kovacs and Mr. Moder further contend that they were denied the telephone service because of their association with Bahl and Ms. Moder.  Title II of the ADA protects individuals "who are discriminated against because of their relationship or association with individuals who have a known disability."  Doe v. County of Centre, 242 F.3d 437, 447 (3d Cir. 2001) (citing 28 C.F.R. 35.130(g)); see also MX Group, Inc. v. City of Covington, 293 F.3d. 326, 332-35 (6th Cir. 2002) (association discrimination claims available under section 504).  Such a relationship or association must be known by the public entity that engaged in the alleged discrimination.  See Schneider v. County of Will, 190 F. Supp. 2d 1082, 1089 (N.D. Ill. 2002).

Here, Kovacs and Mr. Moder have not alleged facts suggesting that the County knew of them or their association with Bahl and Ms. Moder.[7]  Absent such allegations, a claim for association discrimination is wholly speculative.  Therefore, the court

---

[7] The court does not consider the affidavits submitted by Bahl and Mr. Moder to establish that the County was aware of their relationships with Kovacs and Ms. Moder. (Bahl Aff. ¶ 15; Mr. Moder Aff. ¶ 5.)  As a result, the court does not convert the motions to dismiss into motions for summary judgment.  See Fed. R. Civ. P. 12(d).

9

dismisses Kovacs and Mr. Moder's claims for association discrimination. Plaintiffs, however, are permitted leave to amend their complaints to correct this omission on or before March 12, 2009.

### CONCLUSION

Based on the above, **IT IS HEREBY ORDERED** that:

1. In civil case number 08-5001:

    a. The County's motion to dismiss [Doc. No. 23] is granted in part;

    b. Plaintiffs' request for declaratory and injunctive relief is dismissed without prejudice;

    c. Kovacs's claim for association discrimination is dismissed without prejudice; and

    d. Plaintiffs' motion for leave to file a supplemental brief [Doc. No. 40] is granted.

2. In civil case number 08-5242:

    a. The County's motion to dismiss [Doc. No. 8] is granted in part;

    b. The City's motion to dismiss [Doc. No. 12] is granted;

    c. Plaintiffs' request for declaratory and injunctive relief is dismissed without prejudice;

    d. Mr. Moder's claim for association discrimination is

dismissed without prejudice; and

  e. Plaintiffs' motion for leave to file a supplemental brief [Doc. No. 31] is granted.

 3. In civil case number 08-5243:

  a. The County's motion to dismiss [Doc. No. 7] is granted;

  b. The City's motion to dismiss [Doc. No. 11] is granted; and

  c. Plaintiff's request for declaratory and injunctive relief is dismissed without prejudice.

Dated: February 11, 2009

            s/David S. Doty
            David S. Doty, Judge
            United States District Court